UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CHRISTOPHER JOHN GRISHAM,
JAMES EVERARD,

  *Plaintiffs*,

v.                                          Case No. SA-21-CV-00983-JKP

RENE VALENCIANO, CITY OF
OLMOS PARK,

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss filed by Defendants Rene Valenciano and the City of Olmos Park pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] *ECF No. 5*. After due consideration of the motion, briefing, and timeline of the case, the Court DENIES the Motion as untimely and GRANTS Valenciano and the City **seven days** from the date of this Order to file an Answer. The Court further directs the parties to confer before filing any Federal Rule 12(c) Motion for Judgment on the Pleadings, consistent with procedures in its Standing Order.

### TIMELINESS

As a threshold matter, the Court must address the Motion's timeliness, which was challenged by Plaintiffs John Grisham and James Everard in their Response. *ECF No. 6*. Grisham and Everard filed their Original Complaint on October 14, 2021. *ECF No. 1*. On

---

[1] The Court construes the Motion's arguments as Federal Rule 12(b)(6) arguments, although the Motion cites to Federal Rule of Civil Procedure 12(b)(1). If Valenciano and the City have Federal Rule 12(b)(1) arguments, they can raise those arguments in another motion.

October 20, 2021, Grisham and Everard's counsel emailed a request for waiver of service to Valenciano and the City's counsel, who then executed the waiver. *ECF No. 6, ECF No. 7*. Pursuant to Federal Rule 12(a)(1)(A)(ii), a responsive pleading is due 60 days after the date when the request for waiver was sent. *See also* Fed. R. Civ. P. 4(d)(3); *Kelley v. Bergamino*, No. 3:08-CV-00887-B, 2008 WL 4449423, at *1 (N.D. Tex. Oct. 1, 2008). Therefore, the deadline for filing a responsive pleading in this case was December 20, 2021. Valenciano and the City filed their Motion on December 23, 2021, three days after the deadline.

Valenciano and the City display some confusion in their Reply regarding whether the deadline to file a responsive pleading had already passed when they filed their Motion. *ECF No. 7*. They argue the 60-day clock was triggered by their October 25, 2021 filing of the Waiver of Service with the Court. *ECF No. 7*. This interpretation of the Federal Rules of Civil Procedure is unsupported by both the plain language of the Rules and District Courts' application of the Rules. The 60-day clock is triggered when the request for waiver is sent, not when the waiver is filed with the Court. Fed. R. Civ. P. 12(a)(1)(A)(ii); Fed. R. Civ. P. 4(d)(3); *Kelley v. Bergamino*, 2008 WL 4449423, at *1. In this case, the waiver was sent on October, 20, 2021 and the Motion to Dismiss was due 60 days later, on December 20, 2021. Therefore, the Motion to Dismiss was untimely filed on December 23, 2021 and must be dismissed as a matter of law.

In their Reply, Valenciano and the City requested leave to file their Motion to Dismiss on December 23, 2021 if the Court determined their Motion to Dismiss was untimely (*ECF No. 7*); however, their request was improper. A request to extend time is properly filed with the Court in the form of a motion. Fed. R. Civ. P. 6(b)(1)(B). Because no such motion was filed, the Court will not grant leave in this case.

## OPPORTUNITY TO RESPOND

To provide Valenciano and the City an opportunity to respond, the Court grants seven days from the date of this Order to file an Answer. Fed. R. Civ. P. 12(a)(4). The Court further directs the parties to review its Standing Order, which will be applied in this case. Specifically, consistent with the procedures described in the Court's Standing Order for filing a Federal Rule 12(b)(6) Motion to Dismiss, the parties in this case must confer before filing any Federal Rule 12(c) Motion for Judgment on the Pleadings. The Order reads in relevant part:

> To advance the case efficiently and minimize the cost of litigation, the Court will provide parties an opportunity to amend their pleadings once before considering a [Federal Rule 12(c) Motion for Judgment on the Pleadings]. **The following procedure must be followed before any party files a [Motion for Judgment on the Pleadings under Federal Rule 12(c)]:**
>
> **(1) Counsel shall confer with opposing counsel and provide written notice prior to filing a [Federal Rule 12(c) Motion for Judgment on the Pleadings]:**
>
> - To facilitate the efficient progression of litigation, a party or counsel who anticipates filing a [Motion for Judgment on the Pleadings under Federal Rule 12(c)] must first confer with opposing counsel concerning the proposed deficiencies and the expected basis of the Motion. This conference shall include written (email or certified mail) notification of the [Party]'s right to amend the pleading under these procedures, specifying the proposed deficiencies and the deadlines below.
>
> **(2) Following this notification conference, if the [Party] intends to amend the pleading, the [Party] shall file an Advisory of such intent with the Court within seven (7) days of receipt of the notification letter. The Amended [Pleading] must be filed within seven (7) days of the filing date of the Advisory.**
>
> **(3) If the [Pleading] is not so amended by the established deadline, the [Movant] may file a [Federal Rule 12(c) Motion for Judgment on the Pleadings]. If the [Movant] believes any**

3

> **Amended [Pleading] is still deficient, the [Movant] shall file the Motion within the time prescribed by Federal Rule 12(a).**
>
> - When a party files a [Motion for Judgment on the Pleadings under Federal Rule 12(c)], **a Certificate of Conference shall accompany the Motion expressly stating the movant complied with this Standing-Order rule and noting the non-movant did not timely amend its pleading or the amended pleading is still deficient**.
>
> - **The Court will strike any [Federal Rule 12(c) Motion for Judgment on the Pleadings] if it does not contain the required Certificate of Conference, which may preclude its re-filing given the time limits prescribed in Federal Rule 12(a).**

Under this practice, the [Non-Movant] has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a [Motion for Judgment on the Pleadings]. Consequently, if the Court finds any [Motion for Judgment on the Pleadings] has merit, **the [Non-Movant] shall not be allowed an additional opportunity to amend its [Pleading] following a properly filed [Motion for Judgment on the Pleadings]**. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002).

If the Court denies the [Motion for Judgment on the Pleadings] and the case goes forward, the Plaintiff may seek leave of Court to amend the live Complaint later if circumstances warrant or require amendment.

Federal Rule 12(a) prescribes time limits for the filing of an Answer and for the filing of motions under Federal Rule 12. The requirements of this Standing-Order rule should not preclude or interfere with these time limits.

## CONCLUSION

Because Valenciano and the City missed the deadline for responsive pleadings, the Court DENIES their Motion to Dismiss as untimely and GRANTS them **seven days** from the date of this Order to file an Answer. The Court further directs the parties to confer before filing any

Federal Rule 12(c) Motion for Judgment on the Pleadings, consistent with the procedures established in the Court's Standing Order.

    It is so ORDERED.
    SIGNED this 6th day of June, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE